**UNITED STATES OF AMERICA**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA**

vs.                                                            Case Number 3:19-CR-218-J-20JRK

**ROMEO XAVIER LANGHORNE**

_____

## RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR MENTAL EXAMINATION FOR COMPETENCY

The Defendant, **ROMEO XAVIER LANGHORNE**, by and through his undersigned counsel, files this Response opposing the government's requested mental examination for competency (Doc 25).

1. On December 11, 2019, Mr. Langhorne appeared in this district on these charges. Mr. Langhorne had appeared in the Western District of Virginia, after being arrested on this Court's warrant. The Court in Virginia conducted a preliminary hearing and detention hearing. The Court there found probable cause and ordered Mr. Langhorne detained.

2. During the initial appearance and arraignment, Mr. Langhorne described a history of mental health diagnoses. He indicated that he had prior diagnoses for ADHD, paranoid schizophrenia, and ASPD. He indicated that he had been prescribed medications. He indicated that he had received psychological or psychiatric counseling.

3. During the hearing, Mr. Langhorne responded to the Court's questions, asked questions in response to some of the technical terms of the penalty, and indicated that he understood the proceedings.

1

4. During the hearing, the Court asked the parties to address whether there were concerns with Mr. Langhorne's mental status. In response, the Government has filed a motion (doc 25) seeking an evaluation of Mr. Langhorne.

5. Mr. Langhorne opposes the Motion.

## MEMORANDUM OF LAW

Under our adversarial system of justice "a person whose mental condition is such that [the person] lacks the capacity to understand the nature and the object of the proceedings . . . to consult with counsel, and to assist in preparing [a] defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896 (1975).

The conviction of a legally incompetent defendant violates due process. *Pate v. Robinson*, 383 U.S. 375, 378, 86 S.Ct. 836 (1966). Congress has provided a statutory directive governing when a criminal defendant whose competency is in question should be subjected to a competency hearing.

However, this does not require every defendant, even a defendant with a history of mental health concerns, to undergo an intrusive and costly mental evaluation. Only under some circumstances can the Court require such an evaluation. The statute is clear as to what those circumstances are: "[I]f there is reasonable cause to believe that the defendant may ***presently*** be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a) (emphasis added).

Even where the defendant had been diagnosed with schizophrenia – as Mr. Langhorne had in the past - no hearing to determine competency has been required. *See*

*United States v. Bradshaw*, 690 F.2d 704, 712-13 (9th Cir. 1982) (no hearing required despite, *e.g.*, psychiatric report finding "undifferentiated type schizophrenia" and characterizing appellant as "mentally disordered sex offender"); *Newfield v. United States*, 565 F.2d 203, 205 (2d Cir. 1977) ("the mere presence of mental illness or other mental disability at the time [the defendant] entered his plea does not necessarily mean that he was incompetent to plead . . . The mental illness or disability must have been so debilitating that [the defendant] was unable to consult with his lawyer and did not have a rational and factual understanding of the proceedings.").

In this case, Mr. Langhorne appeared in Courts here and in Virginia. He was displayed appropriate behavior while in court and responded to the Courts questioning.

The existing competency-to-stand-trial process imposes serious burdens on defendants and is costly.

It will be a burden on the defendant. The evaluation will infringe Mr. Langhorne's Sixth Amendment right to counsel and be an unnecessary interference with the attorney/client relationship. *See* ABA Standard for Criminal Justice 7-4.4, commentary ("competency procedures seriously affect defendant liberty and ensuing defense presentations at trial. It is an unnecessary invasion of Mr. Langhorne's privacy. *See* ABA Standard for Criminal Justice 7-4.2, commentary ("An evaluation may force a defendant to reveal to a court-appointed expert information the defendant would prefer to keep secret.").

"A defendant's Fifth Amendment privilege against self-incrimination may be implicated by a psychiatric evaluation." 39 Geo. L.J. Ann. Rev. Crim. Proc. 450, 460 (2010) (citing *Estelle v. Smith*, 451 U.S. 454, 462-69 (1981)). A court-ordered psychiatric

examination compels testimony from the defendant, and it is the experience of the undersigned that statements made by defendants regarding the facts of their offenses do make their way into the examiner's written report. Even though such statements cannot, under Fed.R.Crim.P. 12.2(c)(4), be admitted into evidence against the defendant in any criminal proceeding, the defendant has no control over the derivative use that might be made of the statements.

WHEREFORE, Mr. Langhorne requests that the Court deny the Government's Motion for Mental Examination for Competency.

Dated: January 10, 2020

JAMES T. SKUTHAN,
INTERIM FEDERAL DEFENDER

*s/ Lisa Call*_____
Lisa Call, Asst Federal Defender
Florida Bar Number 0896144
200 West Forsyth Street
Suite 1240
Jacksonville FL 32202
Telephone: 904-232-3039
Facsimile: 904-232-1937
Lisa_call@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished by electronic filing to Laura Cofer Taylor, United States Attorneys Office, 300 North Hogan Street, Suite 700, Jacksonville FL 32202 and and David Andrew Sigler, US Department of Justice, 950 Pennsylvania Avenue, NW, Washington DC 20530, on January 10, 2020.

*s/ Lisa Call*_____
Lisa Call, Asst Federal Defender