**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                    Case No.: 3:19- Cr-218-J-20JRK

**ROMEO XAVIER LANGHORNE**

_____

**UNOPPOSED MOTION TO WITHDRAW AS COUNSEL**
**AND MEMORANDUM OF LAW**

The Defendant, **ROMEO XAVIER LANGHORNE**, by and through the undersigned attorney, moves for his attorney to withdraw as counsel of record in this cause and for appointment of conflict-free counsel:

1. The Office of the Federal Public Defender was appointed to represent Mr. Langhorne at his initial appearance in this district. Mr. Langhorne was found indigent and qualified for appointed counsel.

2. After review of the Office's existing client roster, the undersigned counsel learned a conflict of interest may exist in the Office continuing to represent both Mr. Langhorne and a pre-existing client. Therefore, the undersigned requests appointment of independent counsel on behalf of Mr. Langhorne.

3. Assistant United States Attorney Laura C. Taylor has no opposition to this motion.

4. The undersigned has provided notice to Mr. Langhorne of filing this

motion.

## MEMORANDUM OF LAW

Local Rule 2.03 provides that no attorney shall withdraw as counsel without approval of the Court and notice to the defendant. The undersigned counsel is mailing a copy of this Motion to Mr. Langhorne.

Florida Rule of Professional Conduct 4-1.7 governs counsel's ethical oblications regarding conflicts of interests. Rule 4-1.7(a) provides the general rule that "a lawyer shall not represent a client if: (1) the representation of 1 client will be directly adverse to another client; or (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Fla. Rules of Prof'l Conduct 4-1.7(a). An exception is provided if "(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and (4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing." Fla. Rules of Prof'l Conduct 4-1.7(b). In addition, Florida Rule of Prof'l Conduct 4-1.9 further explains the ethical obligations of counsel when former clients are involved. *See* Fla. Rule of Prof'l Conduct 4-

1.9.

    The comment to Rule 4-1.7 clarifies that loyalty is an essential element in a lawyer's relationship with a client. A lawyer ordinarily may not advocate against a person the lawyer represents in another matter, even if it is wholly unrelated. Loyalty to a client is impaired when a lawyer cannot consider, recommend, or carry out an appropriate course of action for the client because of a lawyer's other responsibilities or interests. Although a possible conflict does not itself preclude the representation, the critical questions are the likelihood that a conflict will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client. *See* Comment to Fla. Rule of Prof'l Conduct 4-1.7.

    Although a client may consent to representation notwithstanding a conflict, the lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent when a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances. *See* Comment to Fla. Rule of Prof'l Conduct 4-1.7. In addition, a lawyer cannot properly ask a client to consent to representation where it is impossible to make the disclosure necessary to obtain such consent.

*See* Comment to Fla. Rule of Prof'l Conduct 4-1.7; *see also* Fla. Rule of Prof'l Conduct 4-1.6 (Confidentiality of Information).

WHEREFORE, the undersigned counsel, given the ethical prohibitions of the Florida Bar, requests permission to withdraw as counsel and to appoint independent counsel for Mr. Langhorne.

Dated: January 13, 2020

JAMES T. SKUTHAN,
INTERIM FEDERAL DEFENDER

*s/ Lisa Call*
Lisa Call, Asst Federal Defender
Florida Bar Number 0896144
200 West Forsyth Street
Suite 1240
Jacksonville FL 32202
Telephone: 904-232-3039
Facsimile: 904-232-1937
Lisa_call@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by electronic filing to Laura Cofer Taylor, United States Attorneys Office, 300 North Hogan Street, Suite 700, Jacksonville FL 32202 and and David Andrew Sigler, US Department of Justice, 950 Pennsylvania Avenue, NW, Washington DC 20530, on January 13, 2020.

*s/ Lisa Call*
Lisa Call, Asst Federal Defender
