# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 07, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-12412-HH
Case Style: USA v. Romeo Langhorne
District Court Docket No: 3:19-cr-00218-HES-LLL-1

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
No costs are taxed.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
### For the Eleventh Circuit

_____

No. 22-12412

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                  Plaintiff-Appellee,

*versus*

ROMEO XAVIER LANGHORNE,

                                                  Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:19-cr-00218-HES-LLL-1

_____

Case 3:19-cr-00218-HES-LLL   Document 143   Filed 05/07/24   Page 4 of 14 PageID 1089
USCA11 Case: 22-12412   Document: 38-1   Date Filed: 05/07/2024   Page: 2 of 6

2                           Opinion of the Court                    22-12412

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Romeo Langhorne appeals his 240-month prison sentence, arguing that it was cruel and unusual under the Eighth Amendment. We affirm.

**I.**

Langhorne pledged his allegiance to ISIS in 2014. In late 2018 and early 2019, Langhorne participated in online chatrooms with fellow ISIS supporters and advocated for attacks on "infrastructure, specifically government buildings" at times of day when civilian casualties would be minimized. He also had an apparent interest in targeting military personnel. After Langhorne shared his interest in creating an explosives instructional video, he was connected with an undercover federal agent posing as an ISIS member who offered to help put together the video.

Langhorne worked with that agent to produce iterations of a video explaining how to make and use explosive material that could be assembled with readily available ingredients. The agent sent Langhorne a draft video but altered the explosive recipe so that it wouldn't create a combustible product. Langhorne uploaded the video, overlaid with Islamic vocal music, to a publicly viewable video sharing website that he previously used to share ISIS propaganda.

Langhorne was arrested and indicted for knowingly attempting to provide material support and resources to a foreign

Case 3:19-cr-00218-HES-LLL   Document 143   Filed 05/07/24   Page 5 of 14 PageID 1090
USCA11 Case: 22-12412   Document: 38-90   Date Filed: 05/07/2024   Page: 3 of 6

22-12412                Opinion of the Court                      3

terrorist organization, in violation of 18 U.S.C. section 2339B(a)(1). Langhorne pleaded guilty, admitting that he had attempted to create and distribute "an instructional video intended to teach followers of ISIS how to obtain materials for explosives without arousing suspicion and combine those materials to make an explosive sufficient to destroy specific types of targets."

At sentencing, the district court overruled Langhorne's objections to the application of the violent act and terrorism guideline enhancements. The resulting guideline range of thirty years' to life imprisonment far exceeded the statutory maximum of twenty years' imprisonment, and so Langhorne's guideline calculation became that twenty-year statutory maximum. *See* U.S.S.G. section 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). Langhorne put a psychologist on the witness stand who testified that Langhorne most likely suffered from ADHD and undiagnosed Asperger's syndrome, a syndrome that made him more susceptible to "fundamentalist beliefs, whether it's ISIS or some other issue[]." Based on the psychologist's testimony and cases featuring similar conduct, Langhorne asked for a sentence of just over eight years.

The district court instead imposed the 240-month guideline sentence. The district court explained that it decided not to cut anything off Langhorne's guideline sentence because Langhorne already received a significant "benefit" by pleading guilty and

Case 3:19-cr-00218-HES-LLL   Document 143   Filed 05/07/24   Page 6 of 14 PageID 1091
USCA11 Case: 22-12412   Document: 38-1   Date Filed: 05/07/2024   Page: 4 of 6

4                    Opinion of the Court                    22-12412

avoiding the government bringing further charges that would've carried a longer sentence.

## II.

Langhorne appeals his sentence on the ground it violates his Eighth Amendment right under the Constitution to be free from excessive punishment. He argues his twenty-year sentence is grossly disproportionate to the offense he committed because (1) the explosives instructional video he helped create provided faulty instructions, (2) he advocated for striking targets that would minimize civilian casualties, and (3) he was suffering from untreated mental health problems at the time of his offense. Langhorne also highlights three out-of-circuit cases in which the defendants received lighter sentences for "providing support to terrorist organizations" in ways he argues were "more abhorrent and extreme." *See United States v. Van Haften*, 881 F.3d 543 (7th Cir. 2018); *United States v. Banol-Ramos*, 516 F. App'x 43 (2d Cir. 2013); *United States v. Assi*, 428 F. App'x 570 (6th Cir. 2011).

Langhorne acknowledges he makes this Eighth Amendment challenge for the first time on appeal, and so we review it for plain error. *United States v. Flanders*, 752 F.3d 1317, 1342 (11th Cir. 2014) ("[W]hen a defendant fails to raise an Eighth Amendment challenge to a sentence in the district court, we review that challenge on appeal for plain error."). For a defendant to succeed on a plain error challenge to his sentence, he must show the district court clearly or obviously violated our precedent, the Supreme Court's precedent, or "the explicit language of a statute or rule." *United States v. Sosa*, 782 F.3d 630, 637 (11th Cir. 2015) (quotation omitted).

22-12412               Opinion of the Court                    5

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. XVIII. "Successful Eighth Amendment challenges in non-capital cases are exceedingly rare." *United States v. Suarez*, 893 F.3d 1330, 1336 (11th Cir. 2018) (quotation omitted). "[W]e have never held that a non-capital sentence for an adult has violated the Eighth Amendment." *Id*. "Outside the context of capital punishment cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle" that assesses whether a sentence "is grossly disproportionate to the offense committed." *Id*. at 1335–36 (quotation omitted). A sentence within statutory limits generally isn't grossly disproportionate. *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006). *See also McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) ("[S]evere, mandatory penalties may be cruel, but they are not unusual in the constitutional sense."). But if the sentence is determined to be grossly disproportionate, then we must "consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions." *United States v. Bowers*, 811 F.3d 412, 432 (11th Cir. 2016) (citation omitted).

The district court did not plainly err in sentencing Langhorne to twenty-years' imprisonment, the statutory maximum for his offense. *See* 18 U.S.C. section 2339B(a)(1). That Langhorne's sentence was within the statutory limits is a general indication that his sentence wasn't grossly disproportionate. *See Johnson*, 451 F.3d at 1243 ("Because the district court sentenced [the defendant] within the statutory limits, he has not made a threshold showing

Case 3:19-cr-00218-HES-LLL   Document 143   Filed 05/07/24   Page 8 of 14 PageID 1093
USCA11 Case: 22-12412   Document: 38-3   Date Filed: 05/07/2024   Page: 6 of 6

6                    Opinion of the Court                   22-12412

of disproportionality with respect to his sentence."). And he provides no precedent from this court or the Supreme Court to support his argument. Without such authority there's no basis to find the district court committed "clear or obvious error." *Sosa*, 782 F.3d at 637 (quotation omitted).

Because Langhorne hasn't shown the district court imposed a grossly disproportionate sentence, there's no need for us to examine the sentences imposed for the same offense in the three out-of-circuit cases Langhorne relies upon. Even so, Langhorne's actions were serious: he admitted he attempted to create and distribute "an instructional video intended to teach followers of ISIS how to obtain materials for explosives without arousing suspicion and combine those materials to make an explosive sufficient to destroy specific types of targets." His sentence is reasonable as compared to those for less or similarly "abhorrent and extreme" offenses. *Cf. United States v. Gibson*, 708 F.3d 1256, 1282–83 (11th Cir. 2013) (defendant's life sentence for conspiracy to possess with intent to distribute cocaine base was reasonable); *Suarez*, 893 F.3d at 1338 (defendant's life sentence was reasonable for his attempt to use a weapon of mass destruction and attempting to provide material support to ISIS).

### III.

It was not plain error for the district court to impose the 240-month guideline prison sentence. We **AFFIRM**.

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12412

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                      Plaintiff-Appellee,

*versus*

ROMEO XAVIER LANGHORNE,

                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:19-cr-00218-HES-LLL-1

_____

Case 3:19-cr-00218-HES-LLL   Document 143   Filed 05/07/24   Page 10 of 14 PageID 1095
USCA11 Case: 22-12412   Document: 38-5   Date Filed: 05/07/2024   Page: 2 of 6

2                     Opinion of the Court                22-12412

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Romeo Langhorne appeals his 240-month prison sentence, arguing that it was cruel and unusual under the Eighth Amendment. We affirm.

**I.**

Langhorne pledged his allegiance to ISIS in 2014. In late 2018 and early 2019, Langhorne participated in online chatrooms with fellow ISIS supporters and advocated for attacks on "infrastructure, specifically government buildings" at times of day when civilian casualties would be minimized. He also had an apparent interest in targeting military personnel. After Langhorne shared his interest in creating an explosives instructional video, he was connected with an undercover federal agent posing as an ISIS member who offered to help put together the video.

Langhorne worked with that agent to produce iterations of a video explaining how to make and use explosive material that could be assembled with readily available ingredients. The agent sent Langhorne a draft video but altered the explosive recipe so that it wouldn't create a combustible product. Langhorne uploaded the video, overlaid with Islamic vocal music, to a publicly viewable video sharing website that he previously used to share ISIS propaganda.

Langhorne was arrested and indicted for knowingly attempting to provide material support and resources to a foreign

Case 3:19-cr-00218-HES-LLL   Document 143   Filed 05/07/24   Page 11 of 14 PageID 1096
USCA11 Case: 22-12412   Document: 38-96   Date Filed: 05/07/2024   Page: 3 of 6

22-12412               Opinion of the Court                3

terrorist organization, in violation of 18 U.S.C. section 2339B(a)(1). Langhorne pleaded guilty, admitting that he had attempted to create and distribute "an instructional video intended to teach followers of ISIS how to obtain materials for explosives without arousing suspicion and combine those materials to make an explosive sufficient to destroy specific types of targets."

At sentencing, the district court overruled Langhorne's objections to the application of the violent act and terrorism guideline enhancements. The resulting guideline range of thirty years' to life imprisonment far exceeded the statutory maximum of twenty years' imprisonment, and so Langhorne's guideline calculation became that twenty-year statutory maximum. *See* U.S.S.G. section 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). Langhorne put a psychologist on the witness stand who testified that Langhorne most likely suffered from ADHD and undiagnosed Asperger's syndrome, a syndrome that made him more susceptible to "fundamentalist beliefs, whether it's ISIS or some other issue[]." Based on the psychologist's testimony and cases featuring similar conduct, Langhorne asked for a sentence of just over eight years.

The district court instead imposed the 240-month guideline sentence. The district court explained that it decided not to cut anything off Langhorne's guideline sentence because Langhorne already received a significant "benefit" by pleading guilty and

Case 3:19-cr-00218-HES-LLL   Document 143   Filed 05/07/24   Page 12 of 14 PageID 1097
USCA11 Case: 22-12412   Document: 38-1   Date Filed: 05/07/2024   Page: 4 of 6

4                         Opinion of the Court                        22-12412

avoiding the government bringing further charges that would've carried a longer sentence.

## II.

Langhorne appeals his sentence on the ground it violates his Eighth Amendment right under the Constitution to be free from excessive punishment. He argues his twenty-year sentence is grossly disproportionate to the offense he committed because (1) the explosives instructional video he helped create provided faulty instructions, (2) he advocated for striking targets that would minimize civilian casualties, and (3) he was suffering from untreated mental health problems at the time of his offense. Langhorne also highlights three out-of-circuit cases in which the defendants received lighter sentences for "providing support to terrorist organizations" in ways he argues were "more abhorrent and extreme." *See United States v. Van Haften*, 881 F.3d 543 (7th Cir. 2018); *United States v. Banol-Ramos*, 516 F. App'x 43 (2d Cir. 2013); *United States v. Assi*, 428 F. App'x 570 (6th Cir. 2011).

Langhorne acknowledges he makes this Eighth Amendment challenge for the first time on appeal, and so we review it for plain error. *United States v. Flanders*, 752 F.3d 1317, 1342 (11th Cir. 2014) ("[W]hen a defendant fails to raise an Eighth Amendment challenge to a sentence in the district court, we review that challenge on appeal for plain error."). For a defendant to succeed on a plain error challenge to his sentence, he must show the district court clearly or obviously violated our precedent, the Supreme Court's precedent, or "the explicit language of a statute or rule." *United States v. Sosa*, 782 F.3d 630, 637 (11th Cir. 2015) (quotation omitted).

Case 3:19-cr-00218-HES-LLL   Document 143   Filed 05/07/24   Page 13 of 14 PageID 1098
USCA11 Case: 22-12412   Document: 38-98   Date Filed: 05/07/2024   Page: 5 of 6

22-12412               Opinion of the Court                5

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. XVIII. "Successful Eighth Amendment challenges in non-capital cases are exceedingly rare." *United States v. Suarez*, 893 F.3d 1330, 1336 (11th Cir. 2018) (quotation omitted). "[W]e have never held that a non-capital sentence for an adult has violated the Eighth Amendment." *Id*. "Outside the context of capital punishment cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle" that assesses whether a sentence "is grossly disproportionate to the offense committed." *Id*. at 1335–36 (quotation omitted). A sentence within statutory limits generally isn't grossly disproportionate. *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006). *See also McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) ("[S]evere, mandatory penalties may be cruel, but they are not unusual in the constitutional sense."). But if the sentence is determined to be grossly disproportionate, then we must "consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions." *United States v. Bowers*, 811 F.3d 412, 432 (11th Cir. 2016) (citation omitted).

The district court did not plainly err in sentencing Langhorne to twenty-years' imprisonment, the statutory maximum for his offense. *See* 18 U.S.C. section 2339B(a)(1). That Langhorne's sentence was within the statutory limits is a general indication that his sentence wasn't grossly disproportionate. *See Johnson*, 451 F.3d at 1243 ("Because the district court sentenced [the defendant] within the statutory limits, he has not made a threshold showing

Case 3:19-cr-00218-HES-LLL   Document 143   Filed 05/07/24   Page 14 of 14 PageID 1099
USCA11 Case: 22-12412   Document: 38-9   Date Filed: 05/07/2024   Page: 6 of 6

6                    Opinion of the Court                    22-12412

of disproportionality with respect to his sentence."). And he provides no precedent from this court or the Supreme Court to support his argument. Without such authority there's no basis to find the district court committed "clear or obvious error." *Sosa*, 782 F.3d at 637 (quotation omitted).

Because Langhorne hasn't shown the district court imposed a grossly disproportionate sentence, there's no need for us to examine the sentences imposed for the same offense in the three out-of-circuit cases Langhorne relies upon. Even so, Langhorne's actions were serious: he admitted he attempted to create and distribute "an instructional video intended to teach followers of ISIS how to obtain materials for explosives without arousing suspicion and combine those materials to make an explosive sufficient to destroy specific types of targets." His sentence is reasonable as compared to those for less or similarly "abhorrent and extreme" offenses. *Cf. United States v. Gibson*, 708 F.3d 1256, 1282–83 (11th Cir. 2013) (defendant's life sentence for conspiracy to possess with intent to distribute cocaine base was reasonable); *Suarez*, 893 F.3d at 1338 (defendant's life sentence was reasonable for his attempt to use a weapon of mass destruction and attempting to provide material support to ISIS).

### III.

It was not plain error for the district court to impose the 240-month guideline prison sentence. We **AFFIRM**.